UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

In re:

Charles Herman Merchant, Sr., } Case No. 21-40106-JJR-7

      Debtor.

---

Eileen Richardson, Jonathan D.
Richardson, and DiaDan
Holdings, Ltd.,

      Plaintiffs,
v.                                                           AP No. 21-40008-JJR

Charles Herman Merchant, Sr.,

      Defendant.

---

## MEMORANDUM OPINION

Approximately one year before Charles Merchant, Sr. (the "Debtor") filed his chapter 7 bankruptcy case, the plaintiffs in this adversary proceeding (the "Plaintiffs") had filed a complaint (the "Circuit Complaint") against him in the Circuit Court of Calhoun County Alabama (the "Circuit Court") for "Money Damages and to Set Aside Fraudulent Conveyances" (the "Circuit Court Action"). (AP Doc. 19 Ex. A.)[1] According to the Circuit Complaint, the Debtor was indebted to the Plaintiffs for various unpaid loans totaling $1,281,638.10. In Count I of the Circuit Complaint the Plaintiffs alleged they were entitled to a judgment against the Debtor in the amount of the unpaid loans plus interest; in Count II they alleged the Debtor borrowed the loans with no

---

[1] Robert J. Morris was also named as a defendant in the Circuit Complaint, but on December 8, 2020, the Circuit Court entered an order granting his motion for summary judgment, and he was dismissed from the Circuit Court Action. (AP Doc. 19 Ex. C.)

intent to repay them, thus defrauding the Plaintiffs and entitling them to recover punitive damages; in Count III they alleged the Debtor had transferred his property with the intent to hinder, delay or defraud the Plaintiffs and they sought to avoid the transfer pursuant to the Alabama Uniform Fraudulent Transfer Act;[2] and in Count IV they alleged the Debtor "consciously and deliberately engaged in fraud, wantonness, or malice with regard to Plaintiffs" and they were therefore entitled to punitive damages "to punish [the Debtor] for his fraudulent conduct." (AP Doc. 19 Ex. A.) On December 8, 2020, the Circuit Court entered a "Stipulated Judgment Granting Plaintiffs Motion for Partial Summary Judgment and Motion to Certify Partial Judgment under Rule 54(b)" (the "Stipulated Judgment") (AP Doc. 19 Ex. D.) The Stipulated Judgment awarded the Plaintiffs money judgments in the respective amounts of the unpaid loans owing to each of them and provided that "[t]here is no just reason for delay in Plaintiffs' enforcement of this judgment, and the Court directs that this judgment is final under Ala. R. Civ. P. 54(b)."

On February 1, 2021, the Debtor filed a petition for relief under chapter 7 of the Bankruptcy Code (11 U.S.C. § 101, et seq., and herein the "Code"), and scheduled the Plaintiffs as secured-judgment creditors. (BK Doc. 21, at 17-18.) The Plaintiffs commenced this adversary proceeding on May 3, 2021 by filing their "Complaint to Determine Dischargeability of Debt" (the "AP Complaint") in which they alleged the debts owing to them by the Debtor should not be discharged in his bankruptcy case under Code § 523(a)(2)(A) because they were debts "for money, property, services, or an extension, renewal, or refinancing of credit . . . obtained by . . . false pretenses, a false representation, or actual fraud . . ." and under Code § 523(a)(6) because they were debts "for

---

[2] The transferee of the alleged fraudulent transfer was co-defendant, Robert J. Morris. As mentioned in footnote 1, Morris was dismissed from the Circuit Court Action, and thus it appears the Plaintiffs' fraudulent transfer claim is now moot.

willful and malicious injury . . . to another entity or to the property of another entity." (AP Doc. 1 at 10, 11.)

The Debtor responded to the AP Complaint by filing a Motion to Dismiss (AP Doc. 9) alleging the nondischargeability claims by the Plaintiffs were "barred by *res judicata*, collateral estoppel, or issue preclusion in that the Plaintiffs' causes of action for fraud against the [Debtor] have been adjudicated in the [Circuit Court], in [sic] and that the lawsuit . . . was terminated." The Debtor admitted the Plaintiffs obtained a judgment in the Circuit Court Action on their contract claims, but asserted that all counts for fraud or other tortious conduct "[ ]which would be the basis of this adversary proceeding [ ] were dismissed and therefore the Plaintiff [sic] is barred from bringing them again. (see FRCP 41(b) and FRBP 7041(b))." The Debtor filed a "Memorandum in Support of Motion to Dismiss" (AP Doc. 18) and attached a copy of the Alabama State Judicial Information System Case Detail (the "Case Detail") that reflected the filing entries and history, in chronological order, of the Circuit Court Action.[3]

---

[3] Rule 79(a) of the Ala. R. Civ. P., entitled "Books and Records Kept by the Clerk and Entries Therein," reads as follows:

> Civil docket. The clerk shall keep a book known as the "civil docket" of such form and style as the books now kept and known as the consolidated docket fee books, and shall enter therein each civil action to which these Rules are made applicable. The file number of each action shall be noted on the folio of the docket whereon the first entry of the action is made. All papers filed with the clerk, all process issued and returns made thereon, all appearances, orders, bench notes, verdicts, and judgments shall be noted in this civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court and of the court and of the returns showing execution of process. The entry of an order or judgment shall show the date the entry is made. When in an action trial by jury has been properly demanded or ordered, the clerk shall enter the word "jury" on the folio assigned to that action. In the event a formal order is entered, the clerk shall insert the order in the file of the case.

The Case Detail contains several subparts, each containing a particular type of information or event. Most significant are the subparts designated, respectively, "Case Action Summary" and "Images." The Case Action Summary disclosed that on December 5, 2020, the proposed Stipulated Judgment was submitted to the Circuit Court and on December 8, 2020, it was "RENDERED & ENTERED." The next entry on that same date was "CASE ASSIGNED STATUS OF: DISPOSED."

According to the Debtor's Memorandum, on June 23, 2021, after the Debtor had filed his Motion to Dismiss, the Plaintiffs' attorney learned that the status of the Circuit Court Action was shown in the Case Action Summary as being "disposed" and he "contacted the [Circuit Court] Clerk's office and advised them that in his opinion, the case should not have been listed as disposed and based upon that, the Clerk changed the case from disposed to active." (AP Doc. 18, at 2.)

The Images portion of the Case Detail describes each pleading, order, or other document filed or entered in the Circuit Court Action, the date it was filed or entered, and its description and number of pages. For example, it discloses that the Plaintiffs' complaint consisting of 16 pages and a supporting document described as exhibits consisting of 37 pages were filed on February 27, 2020; a 3-page answer was filed on March 30, 2020; and various orders were entered from time to time, including the orders entered on December 8, 2020 on co-defendant Robert J. Morris' motion for summary judgment (see footnotes 1 and 2, *supra*) and the Stipulated Judgment. There were

---

Rule 79(e), added by amendment effective October 24, 2008, provided, "Records required to be kept by the clerk under this rule may be maintained electronically in accordance with the orders and rules of the Supreme Court of Alabama." The Committee Comments pertaining to subdivision (e) stated, "This amendment recognizes that the State Judicial Information System has become the depository for many records previously maintained locally by the clerk." The Case Detail attached to the Debtor's Memorandum in Support of Motion to Dismiss (AP Doc. 18), and upon which he relies, reflects the history of the Circuit Court Action as electronically recorded by the Circuit Court Clerk in the State Judicial Information System which may be accessed on-line with a subscription at Alacourt.com.

no further entries in the Images portion of the Case Detail after the Stipulated Judgment, and most critically, there was no order by the Circuit Court dismissing the Circuit Court Action, or otherwise indicating it had been disposed of or was no longer active.

The Debtor argues that pursuant to Ala. R. Civ. P. 41(b), the December 8, 2020 status entry of "disposed" in the Case Action Summary effectuated a dismissal of the Circuit Court Action with prejudice, including the remaining fraud counts that were indisputably not adjudicated by the Stipulated Judgment. Rule 41(b) provides as follows:

> (b) Involuntary Dismissal: Effect Thereof. For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

The Debtor further contends that the alleged postpetition notification by the Plaintiffs' attorney to the Circuit Court Clerk—complaining that the status of the Circuit Court Action shown on the Case Action Summary was incorrect—caused the Clerk to change the case status from "disposed" back to "active" and was, therefore, an attempt to collect a prepetition debt in violation of the automatic stay of Code § 362(a), and because actions taken in violation of the stay are considered void, the prepetition "disposed" status of the Circuit Court Action remains unchanged.

The Plaintiffs responded to the Debtor's motion and argued that the doctrines of *res judicata* and collateral estoppel do not apply to their nondischargeability claims asserted in the AP Complaint. (AP Doc. 15.) The court agrees with the Plaintiffs that they are not barred from pursuing their nondischargeability claims for the reasons that follow.

Rule 58(a) of the Ala. R. Civ. P. states, "A *judge* may render an order or a judgment . . . ." and subdivision (b) of the same Rule provides that "[a] written order or a judgment will be

5

Case 21-40008-JJR    Doc 20    Filed 08/23/21    Entered 08/23/21 10:57:16    Desc Main
Document    Page 5 of 11

sufficient if it is signed or initialed by the *judge* . . . .[4]  There is no authority in the Alabama Rules of Civil Procedure or otherwise for a circuit court clerk to enter an order dismissing a pending action.  Indeed, Rule 41(b)—quoted *supra*—contemplates dismissal exclusively via a court's order: "Unless the *court* in its order for dismissal otherwise specifies . . . ." (emphasis added).

Neither the Stipulated Judgment nor any other order by the Circuit Court dismissed or otherwise terminated the remaining claims alleged in the Circuit Complaint.  The heading of the parties' Stipulated Judgment explicitly stated that it was "Granting Plaintiffs Motion for *Partial* Summary Judgment and Motion to Certify *Partial* Judgment Under Rule 54(b)" (emphasis added).  The last paragraph of the Stipulated Judgment provided that "Plaintiffs [sic] motion to certify this judgment as final under Ala. R. Civ. P. 54(b) is also GRANTED.  There is no just reason for delay in Plaintiffs' enforcement of this judgment, and the Court directs that this judgment is final under Ala. R. Civ. P. 54(b)."  In pertinent part, Rule 54(b) provides:

> (b) Judgment Upon Multiple Claims or Involving Multiple Parties.  When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. . . . [I]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims . . . shall not terminate the action as to any of the claims . . . , and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims . . . .

The Plaintiffs' motion for partial summary judgment (AP Doc. 19 Ex. E), which was granted by the Stipulated Judgment, specifically asked that their claim based on the Debtor's failure to repay the loans he had borrowed be decided via summary judgment in their favor, which was a discrete claim that should be made final under Rule 54(b), while the fraud claims should be

---

[4] Rules 58(b) and 77(c) allow the clerk of court to sign and grant certain orders, but only in limited and specific instances, none of which apply here.

reserved for later adjudication. In their motion, the Plaintiffs stated that "the undisputed debt [the Debtor] owes is distinct from Plaintiffs' fraud and fraudulent conveyance claims, and there is no just reason for delaying judgment on that debt. *See Pate v. Merchants Nat'l Bank of* Mobile, 409 So. 2d 797,798 (Ala. 1982) (certifying final judgment as to debt resolved by creditor's motion for summary judgment under Rule 54(b) and leaving additional conversion counter-claim undecided)." (AP Doc. 19 Ex. E, at 54.) Similarly in their memorandum filed with the Circuit Court in support of their motion for partial summary judgment, they stated, "It is undisputed that [the Debtor] owes the amount stated in the 2019 Account, so there is no just reason for delaying the entry of judgment on that claim. Plaintiffs' claims for fraud . . . are based on allegations that Merchant never intended to repay the loans . . . . Plaintiffs' claims for fraud . . . are separate and distinct from their claim to collect on the 2019 Account. . . . Plaintiffs are therefore entitled to a certification of final judgment as to their loan enforcement claim (Count I) under Rule 54(b)." (AP Doc. 19 Ex. E, at 62-63.)

The Plaintiffs' partial summary judgment motion, which was granted by the parties' stipulation, unequivocally sought a judgment only for the unpaid loans (Count I) and reserved the fraud claims for a later adjudication. And if, contrary to the parties' stipulation, the Circuit Court had intended the Stipulated Judgment to be a final adjudication of all claims asserted in the Circuit Complaint, including those alleging fraud, it would not have granted *partial* summary judgment, nor would it have granted Plaintiffs' motion to certify that *partial* judgment under Rule 54(b). If the Stipulated Judgment were intended to be a final adjudication of all claims, there would have been no reason to direct finality under Rule 54(b). Instead, the Circuit Court would have simply entered judgment and taxed costs. Disposing of the entire case was not what was intended by the

parties nor ordered by the Circuit Court, notwithstanding the "disposed" entry on the Case Action Summary.

The Alabama Court of Civil Appeals, under very similar circumstances, stated that a "disposed" notation in a case action summary cannot itself function as an adjudication, and will not be construed as such, when it is at odds with the actual underlying summary judgment order that disposed of less than all of the pending claims in the case:

> We note that the case-action summary and the entries in the State Judicial Information System relating to this action indicate that, on June 3, 2010, the date of the entry of the summary judgment, the action was disposed of in its entirety by settlement. However, there is no indication of the entry of a judgment that would have actually caused the case to be "disposed" of as to all the defendants, and there is no indication that any of the parties entered into a settlement agreement causing the termination of the plaintiffs' action. In the absence of a judgment that, by its terms, applied to all the defendants, we will not construe the notation on the case-action summary or in the State Judicial Information System that the action was disposed of by settlement as equivalent to the rendition and entry of a judgment in favor of all the defendants. *See* Rule 58, Ala. R. Civ. P. (setting forth the manner in which judgments are to be rendered and entered); *Knoedler v. Blinco,* 50 So.3d 1047, 1050 (Ala. 2010) (holding that the trial court's judgment was not a final judgment because counterclaims remained pending, despite indication in the case-action summary that action had been disposed of in its entirety); and *Warren v. Wester,* 796 So. 2d 377, 379 (Ala. Civ. App.2001) (holding that the entry in the case-action summary indicating that the action had been disposed of did not, of itself, "adjudicate any claims as to any parties," and concluding that, despite that entry, claims remained pending against certain defendants).

*Campbell v. Taylor*, 76 So. 3d 258, 261–62 (Ala. Civ. App. 2011). As in *Campbell*, it is evident that the "disposed" status entry in the Case Action Summary was simply an error, apparently by the Clerk, which was not supported by any order by the Circuit Court. Because there was never a final order adjudicating all claims or dismissing the Circuit Court Action, the case never lost its active status notwithstanding the unsupported "disposed" entry in the Case Action Summary. The incorrect entry in the Case Action Summary of an event that required an order or judgment satisfying Rule 58(b) may have created ambiguity, but a review of the substance of the orders

entered by the Circuit Court would have revealed there was no order terminating the action.  Here, as in *Campbell,* the incorrect "disposed" entry was not itself an adjudication of anything and simply stated, the ministerial task of making an entry on the Case Action Summary was not sufficient to terminate the Circuit Court Action.  Termination of a civil action requires the court to enter a final judgment which complies with the rules on the sufficiency of judgments. *See Deutsche Bank National Trust Co. v. Karr,* 306 So. 3d 882 (Ala. 2020) (compliance with Ala. R. Civ. P. 58(b) is necessary to terminate a civil action, and where the court's written judgment did not ascertain or declare the substance of the parties' rights as to certain counterclaims, it was not a final judgment as to those counterclaims notwithstanding that the case action summary recited that the case had been assigned a status of "disposed").

Having decided that the Case Action Summary notation was not an adjudication of the parties' rights, it follows that correcting the mistaken entry on the Case Action Summary was not an attempt to alter the status quo, as the correction of the case status was not substantive but was purely ministerial.  Further, even if the court is in error in its determination that the "disposed" entry was not a judgment or order under the facts of this case and compelling Alabama authority, Rule 60(a) of the Ala. R. Civ. P. is captioned "Clerical Mistakes" and  provides in pertinent part, "Clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders."   It follows that even if the change from "disposed" back to "active" were treated as an adjudication, that adjudication corrected a clerical oversight and did not alter the rights of the parties under Ala. R. Civ. P. 60(a). Under Alabama law, Ala. R. Civ. P. 60(a) "cannot be used to modify or enlarge a judgment nor to

make the judgment say something other than what was originally pronounced." *Michael v. Michael,* 454 So. 2d 1035, 1037 (Ala. Civ. App. 1984).

The correction was not an adjudication in any event, and served only to bring the notice provided by the Case Action Summary into conformity with the contents of the actual orders and judgments in the Circuit Court Action. The act of calling attention to what amounts to a clerical mistake and its subsequent correction to accurately reflect the status of the Circuit Court Action did not violate the automatic stay under these circumstances.

The next step in analyzing the Debtor's arguments in the Motion to Dismiss invokes principles of preclusion. When this court examines the preclusive effect of a state court judgment (or to be precise under the current facts, the preclusive effect of a state court status entry on the electronic Case Action Summary), it must apply Alabama's preclusion rules. *Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1074 (11th Cir. 2013). Under Alabama law, claim preclusion (res judicata) applies when four elements are satisfied: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Chapman Nursing Home, Inc. v. McDonald,* 985 So. 2d 914, 919 (Ala. 2007). Even if the status of the Circuit Court Action remained "disposed," there would still be no judgment on the merits of the fraud claims, rendered by the court, as discussed above. A case status entry or change is not a judgment entered by the state court, and therefore cannot be accorded claim preclusive effect under Alabama law.

The absence of a final judgment disposing of the fraud claims would also prevent the "disposed" status from supporting issue preclusion (collateral estoppel) under Alabama law. Under Alabama's standard for issue preclusion, even though the cause of action may differ, an issue will be preclusively determined for purposes of a subsequent suit if each of the following is satisfied:

"'(1) an issue identical to the one litigated in the prior suit; (2) that the issue was actually litigated in the prior suit; (3) that resolution of the issue was necessary to the prior judgment; and (4) the same parties.'" *Stinnett v. Kennedy*, 232 So. 3d 202, 220 (Ala. 2016) (quoting *Dairyland Ins. Co. v. Jackson*, 566 So. 2d 723, 726 (Ala. 1990)). Applying this standard to the facts of the instant case, elements two (the issue having been actually litigated) and three (the issue having been necessary to a resulting prior judgment) cannot be satisfied, there having been no actual litigation of, and no prior judgment resolving, the fraud issues in the State Court Action.

Accordingly, the Debtor's Motion to Dismiss is due to be denied. The court will enter a separate order in conformity herewith.

So done this 23rd day of August 2021.

/s/ James J. Robinson  
JAMES J. ROBINSON  
CHIEF U.S. BANKRUPTCY JUDGE